IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

---

| | |
|---|---|
| JESSE TYLER DAVIS, | Cause No. CV-06-116-GF-SEH-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT WITHOUT PREJUDICE |
| JIM MCDONALD, Warden, C.C.C., MR. LAW, Associate Warden, C.C.C., MR. VARNUM, Chief of Security, C.C.C., and DR. ARNOLD, Medical Doctor, C.C.C. | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Jesse Tyler Davis' Complaint filed pursuant to 42 U.S.C. § 1983 seeking damages based upon allegations of denial of medical care, "mass punishment," and insufficient heat in his prison cell. (Document 1). Plaintiff was granted leave to proceed in forma pauperis on January 16, 2007. (Document 5). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

On September 26, 2007, this Court issued an Order requiring Plaintiff to file on or before October 26, 2007 an Amended Complaint or notice that he wished to proceed on his original complaint. (Document 7). Plaintiff filed nothing in response to the Court's Order. Accordingly, on November 21, 2007, the Court required Plaintiff to show cause, within ten days, why the case should not be dismissed for failure to state a claim upon which relief may be granted. Again, Plaintiff filed nothing in response to the Court's Order. Plaintiff has filed nothing in this Court since he initially filed his Complaint on December 28, 2006. There is no indication in the Court's record that Plaintiff has not received the Court's Orders.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

For the reasons stated in the Court's Order of September 26, 2007, Plaintiff's Complaint fails to state a claim upon which relief may be granted. First, Plaintiff did not specify what acts of the individual Defendants lead to the alleged constitutional violations. (Document 7, p. 4 citing Fed. R. Civ. P. Rule 8(a)(2); *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). Plaintiff's allegations of denial of medical care do not state an Eighth Amendment claims as they do not rise to the level of deliberate indifference. (Document 7, p. 5 citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986)). Finally, his allegations regarding cold living conditions are too vague to state a claim. (Document 7, p. 5).

In addition, the trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for failure to comply with a court order. *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given Plaintiff's failure to respond to the Court's orders, this factor weighs in favor of dismissal.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (citing *Yourish*, 191 F.3d 983).  The Court must be able to manage its docket and it cannot do so, if it cannot communicate with the Plaintiff.  Plaintiff refuses to respond to the Court's Orders, therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  Defendants have not yet been served in this case and thus there is no immediate prejudice to Defendants.  However, given Plaintiff's failure to prosecute this case, it could linger indefinitely and prejudice Defendants.

The Court has considered the possibility of and provided less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Although the court should consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal.  *Id.*  The Court could grant Plaintiff additional time to amend his Complaint, but this alternative appears futile given Plaintiff's failure to respond to the Court's prior two Orders.  Plaintiff will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Plaintiff the chance to challenge this Court's rulings.

The last factor weighs against denial of the Complaint because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). However, the Court finds that the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, it being found that Plaintiff has failed to state a claim upon which relief may be granted, has refused to comply with this Court's Orders, has failed to prosecute this action and the Court finding that the relevant factors weigh in favor of dismissing the Complaint filed pursuant to 42 U.S.C. § 1983, the Court enters the following:

## RECOMMENDATION

That Plaintiff's Complaint (Document 1) be **DISMISSED WITHOUT PREJUDICE**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this <u>18th</u> day of January, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4